## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| THE PLASTIC AND RECONSTRUCTIVE SURGERY GROUP, P.C.<br><br>                              Plaintiff,<br><br>                    -against-<br><br>AETNA LIFE INSURANCE COMPANY<br><br>                              Defendant. | Civil Action No.:<br><br><br>**COMPLAINT** |

Plaintiff The Plastic and Reconstructive Surgery Group, P.C. ("Plaintiff"), by and through its attorneys, Merin Law, LLC, by way of Complaint against Aetna Life Insurance Company ("Defendant"), alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff is a medical provider with a principal place of business at 2 Greenwich Office Park, Ste. 210, Greenwich, Conn.

2.     Plaintiff is a Limited Liability Corporation organized under the laws of the State of Connecticut. Dr. David Greenspun, MD and Dr. Heather Erhard MD are both owners and principals of Plaintiff.

3.     Upon information and belief, Defendant is engaged in providing and/or administering health care plans or policies in the state of Connecticut.

4.     This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under federal law, specifically the No Surprises Act ("NSA"), 42 U.S.C. § 300gg-111 *et seq.*, which governs the Independent Dispute Resolution ("IDR") process for certain out-of-network billing disputes including those at issue here, as well the Federal Arbitration Act ("FAA"), 9 U.S.C §9 *et seq.*

5.     Venue is proper in the United States District Court for the District of Connecticut, pursuant to 28 U.S.C. § 1391, because the Defendant is a resident of the State of Connecticut and because a substantial part of the events giving rise to this action occurred within the district.

## FACTUAL BACKGROUND

6.     Plaintiff is a medical practice specializing in plastic surgery.

7.     Plaintiff provided treatment for all of the below patients and procedures.

**Patient C.C.: DISP-948397**

8.     On September 28, 2023, Dr. Andreas M. Lamelas, MD, employee of Plaintiff, provided medical treatment for Patient C.C. ("Patient C.C.") at Vassar Brothers Medical Center in Poughkeepsie, NY.

9.     At the time of her treatment, Patient C.C. was the beneficiary of a health plan issued and/or administrated by Defendant.

10.     After treating Patient C.C., Plaintiff submitted a Health Insurance Claim Form ("HCFA") medical bill to Defendant seeking payment for the procedure, itemized under Current Procedural Terminology ("CPT") code 15777-50 in the amount of $12,540.00.

11.     In response to Plaintiff's HCFA, Defendant allowed payment of $1,171.65.

12.     As an out-of-network provider, Plaintiff does not have a network contract that would determine or limit payment for Plaintiff's services to Defendant's members.

13.     However, since the services were rendered emergently/inadvertently, Patient C.C.'s out-of-network medical treatment is subject to reimbursement pursuant to the NSA, 42 U.S.C. § 300gg-111 *et seq*.

14.     Pursuant to the NSA, an out-of-network provider reserves the right to dispute a health plan's reimbursement for qualifying out-of-network services and initiate a 30-day negotiation period. 42 U.S.C. § 300gg-111(c)(1)(A).

15.     In this case, Plaintiff disputed Defendant's payment determination and initiated the negotiation period called for by the NSA. In effect, Plaintiff was disputing Defendant's allowed payment of $1,71.65.

16.     Pursuant to the NSA, if the payment dispute between the provider and insurer is not resolved during the negotiation period, the provider has the right to initiate arbitration under which the proper reimbursement amount is determined by a neutral arbitrator. 42 U.S.C. § 300gg-111(c)(1-5).

17.     Plaintiff initiated such arbitration as called for by the NSA.

18.     On December 5, 2024, the arbitrator ruled in Plaintiff's favor under Arbitration Dispute DISP-948397, awarding Plaintiff a total of $12,540.00 (Determination 1), which is $11,367.35, above Defendant's allowed payment. *See* **Exhibit A**, attached hereto.

19.     Pursuant to the NSA, the determination of the arbitration award under DISP-948397 is legally "binding upon the parties involved." 42 U.S.C. § 300gg–111(c)(5)(E)(i)(I).

20.     Pursuant to the NSA, if it is determined in arbitration that an additional amount remains due, the insurer has 30 days from the date of the arbitration award to issue the additional payment. 42 U.S.C. § 300gg-111(c)(6).

21.     However, Defendant failed to issue the arbitration payment to Plaintiff even though its deadline to do so was January 4, 2025.

22.     As of the date of this Complaint, more than 263 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

23.     For DISP-948397, Defendant has failed to pay $11,367.35 which is currently due and owing.

**Patient L.P., DISP-2314867**

24.     On September 20, 2024, Dr. David Greenspun, M.D., owner and principal of the Plaintiff, provided medical treatment for a patient, identified as L.P. ("Patient L.P.") at Greenwich Hospital in Greenwich, Conn.

25.     At the time of her treatment, Patient L.P. was the beneficiary of a health plan issued and/or administrated by Defendant.

26.     After treating Patient L.P., Plaintiff submitted a HCFA medical bill to Defendant seeking payment for the procedure, itemized under CPT code 38530 in the amount of $8,200.00.

27.     In response to Plaintiff's HCFA, Defendant allowed payment of $248.44.

28.     As an out-of-network provider, Plaintiff does not have a network contract that would determine or limit payment for Plaintiff's services to Defendant's members.

29.     However, since the services were rendered emergently/inadvertently, Patient L.P.'s out-of-network medical treatment is subject to reimbursement pursuant to the NSA, 42 U.S.C. § 300gg-111 *et seq*.

30.     Pursuant to the NSA, an out-of-network provider reserves the right to dispute a health plan's reimbursement for qualifying out-of-network services and initiate a 30-day negotiation period. 42 U.S.C. § 300gg-111(c)(1)(A).

31.     In this case, Plaintiff disputed Defendant's payment determination and initiated the negotiation period called for by the NSA. In effect, Plaintiff was disputing Defendant's allowed payment of $248.44.

32.     Pursuant to the NSA, if the payment dispute between the provider and insurer is not resolved during the negotiation period, the provider has the right to initiate arbitration under which the proper reimbursement amount is determined by a neutral arbitrator. 42 U.S.C. § 300gg-111(c)(1-5).

33.     Plaintiff initiated such arbitration as called for by the NSA.

34.     On March 26, 2025, the arbitrator ruled in Plaintiff's favor under Arbitration Dispute DISP-2314867, awarding Plaintiff a total of $8,200.00 which is $7,951.56 more than the allowed amount paid. *See* **Exhibit B**, attached hereto.

35.     Pursuant to the NSA, the determination of the arbitration award under DISP-2314867 is legally "binding upon the parties involved." 42 U.S.C. § 300gg–111(c)(5)(E)(i)(I).

36.     Pursuant to the NSA, if it is determined in arbitration that an additional amount remains due, the insurer has 30 days from the date of the arbitration award to issue the additional payment. 42 U.S.C. § 300gg-111(c)(6).

37.     However, Defendant failed to issue the arbitration payment to Plaintiff even though its deadline to do so was April 25, 2025.

38.     As of the date of this Complaint, more than 152 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

39.     For DISP-2314867, Defendant has failed to pay $7,951.56 which is currently due and owing.

**Patient A.B., DISP-2094487**

40.     On October 10, 2023, Dr. Heather Erhard, MD., an owner and principal of Plaintiff, provided medical treatment for a patient, identified as A.B. ("Patient A.B.") at Vassar Brothers Medical Center in Poughkeepsie, NY.

41.     At the time of her treatment, Patient A.B. was the beneficiary of a health plan issued and/or administrated by Defendant.

42.     After treating Patient A.B., Plaintiff submitted a HCFA medical bill to Defendant seeking payment for the procedure, itemized under CPT code S2068 in the amount of $152,200.00. However, this amount was eventually split into two units, one in the amount of $77,200.00 (which was adjudicated and paid) and one in the amount of $75,000.00. This claim is for the $75,000.00 unit.

43.     In response to Plaintiff's HCFA, Defendant allowed payment of $6,740.68.

44.     As an out-of-network provider, Plaintiff does not have a network contract that would determine or limit payment for Plaintiff's services to Defendant's members.

45.     However, since the services were rendered emergently/inadvertently, Patient A.B.'s out-of-network medical treatment is subject to reimbursement pursuant to the NSA, 42 U.S.C. § 300gg-111 *et seq*.

46.     Pursuant to the NSA, an out-of-network provider reserves the right to dispute a health plan's reimbursement for qualifying out-of-network services and initiate a 30-day negotiation period. 42 U.S.C. § 300gg-111(c)(1)(A).

47.     In this case, Plaintiff disputed Defendant's payment determination and initiated the negotiation period called for by the NSA. In effect, Plaintiff was disputing Defendant's allowed payment of $6,740.68.

48.     Pursuant to the NSA, if the payment dispute between the provider and insurer is not resolved during the negotiation period, the provider has the right to initiate arbitration under which the proper reimbursement amount is determined by a neutral arbitrator. 42 U.S.C. § 300gg-111(c)(1-5).

49.     Plaintiff initiated such arbitration as called for by the NSA.

50.     On January 2, 2025, the arbitrator ruled in Plaintiff's favor under Arbitration Dispute DISP-2094487, awarding Plaintiff a total of $75,000.00, which is $68,259.32 more than the allowed amount paid. *See* **Exhibit C**, attached hereto.

51.     Pursuant to the NSA, the determination of the arbitration award under DISP-2094487 is legally "binding upon the parties involved." 42 U.S.C. § 300gg–111(c)(5)(E)(i)(I).

52.     Pursuant to the NSA, if it is determined in arbitration that an additional amount remains due, the insurer has 30 days from the date of the arbitration award to issue the additional payment. 42 U.S.C. § 300gg-111(c)(6).

53.     However, Defendant failed to issue the arbitration payment to Plaintiff even though its deadline to do so was February 1, 2025.

54.     As of the date of this Complaint, more than 156 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

55.     For DISP-2094487, Defendant has failed to pay $68,259.32 which is currently due and owing.

**Patient A.B.: DISP-1940809**

56.     Additionally on October 10, 2023, Dr. David Greenspun, M.D., owner and principal of the Plaintiff, provided medical treatment for Patient A.B. at Vassar Brothers Medical Center in Poughkeepsie, NY.

57.     At the time of her treatment, Patient A.B. was the beneficiary of a health plan issued and/or administrated by Defendant.

58.     After treating Patient A.B., Plaintiff submitted a HCFA medical bill to Defendant seeking payment for the procedure, itemized under CPT code 38530 in the amount of $16,400.00.

59.     In response to Plaintiff's HCFA, Defendant allowed payment of $246.40.

60.     As an out-of-network provider, Plaintiff does not have a network contract that would determine or limit payment for Plaintiff's services to Defendant's members.

61.     However, since the services were rendered emergently/inadvertently, Patient A.B.'s out-of-network medical treatment is subject to reimbursement pursuant to the NSA, 42 U.S.C. § 300gg-111 *et seq*.

62.     Pursuant to the NSA, an out-of-network provider reserves the right to dispute a health plan's reimbursement for qualifying out-of-network services and initiate a 30-day negotiation period. 42 U.S.C. § 300gg-111(c)(1)(A).

63.     In this case, Plaintiff disputed Defendant's payment determination and initiated the negotiation period called for by the NSA. In effect, Plaintiff was disputing Defendant's allowed payment of $246.40.

64.     Pursuant to the NSA, if the payment dispute between the provider and insurer is not resolved during the negotiation period, the provider has the right to initiate arbitration under which the proper reimbursement amount is determined by a neutral arbitrator. 42 U.S.C. § 300gg-111(c)(1-5).

65.     Plaintiff initiated such arbitration as called for by the NSA.

66.    On January 13, 2025, the arbitrator ruled in Plaintiff's favor under Arbitration Dispute DISP-1940809, awarding Plaintiff a total of $16,400.00, which is $16,153.60 more than the allowed amount paid. *See* **Exhibit D**, attached hereto.

67.    Pursuant to the NSA, the determination of the arbitration award under DISP-1940809 is legally "binding upon the parties involved." 42 U.S.C. § 300gg–111(c)(5)(E)(i)(I).

68.    Pursuant to the NSA, if it is determined in arbitration that an additional amount remains due, the insurer has 30 days from the date of the arbitration award to issue the additional payment. 42 U.S.C. § 300gg-111(c)(6).

69.    However, Defendant failed to issue the arbitration payment to Plaintiff even though its deadline to do so was February 12, 2025.

70.    As of the date of this Complaint, more than 224 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

71.    For DISP-1940809, Defendant has failed to pay $16,153.60 which is currently due and owing.

**Patient K.S.: DISP-2245147**

72.    On April 18, 2023, Dr. David Greenspun, M.D., owner and principal of the Plaintiff, provided medical treatment for a patient identified as K.S. ("Patient K.S.") at Greenwich Hospital in Greenwich, CT.

73.    At the time of treatment, Patient K.S. was the beneficiary of a health plan issued and/or administrated by Defendant.

74.    After treating Patient K.S.., Plaintiff submitted a HCFA medical bill to Defendant seeking payment for the procedure, itemized under CPT code 19380 in the amount of $56,000.00.

75.    In response to Plaintiff's HCFA, Defendant allowed payment of $3,357.17.

76.     As an out-of-network provider, Plaintiff does not have a network contract that would determine or limit payment for Plaintiff's services to Defendant's members.

77.     However, since the services were rendered emergently/inadvertently, Patient K.S.'s out-of-network medical treatment is subject to reimbursement pursuant to the NSA, 42 U.S.C. § 300gg-111 *et seq*.

78.     Pursuant to the NSA, an out-of-network provider reserves the right to dispute a health plan's reimbursement for qualifying out-of-network services and initiate a 30-day negotiation period. 42 U.S.C. § 300gg-111(c)(1)(A).

79.     In this case, Plaintiff disputed Defendant's payment determination and initiated the negotiation period called for by the NSA. In effect, Plaintiff was disputing Defendant's allowed payment of $3,357.17.

80.     Pursuant to the NSA, if the payment dispute between the provider and insurer is not resolved during the negotiation period, the provider has the right to initiate arbitration under which the proper reimbursement amount is determined by a neutral arbitrator. 42 U.S.C. § 300gg-111(c)(1-5).

81.     Plaintiff initiated such arbitration as called for by the NSA.

82.     On January 15, 2025, the arbitrator ruled in Plaintiff's favor under Arbitration Dispute DISP-2245147, awarding Plaintiff a total of $42,000.00 which is $38,642.83 more than the allowed amount paid. *See* **Exhibit E** attached hereto.

83.     Pursuant to the NSA, the determination of the arbitration award under DISP-2245147 is legally "binding upon the parties involved." 42 U.S.C. § 300gg–111(c)(5)(E)(i)(I).

84. Pursuant to the NSA, if it is determined in arbitration that an additional amount remains due, the insurer has 30 days from the date of the arbitration award to issue the additional payment. 42 U.S.C. § 300gg-111(c)(6).

85. However, Defendant failed to issue the arbitration payment to Plaintiff even though its deadline to do so was February 14, 2025.

86. As of the date of this Complaint, more than 222 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

87. For DISP-1940809, Defendant has failed to pay $38,642.83 which is currently due and owing.

**Patient K.B.: DISP-2271247**

88. On September 17, 2024, Dr. Andreas Lamelas, M.D., an employee of Plaintiff, provided medical treatment for a patient identified as K.B. ("Patient K.B.") at Vassar Brothers Medical Center in Poughkeepsie, NY.

89. At the time of treatment, Patient K.B. was the beneficiary of a health plan issued and/or administrated by Defendant.

90. After treating Patient K.B., Plaintiff submitted a HCFA medical bill to Defendant seeking payment for the procedure, itemized under CPT code S2067 in the amount of $98,888.00.

91. In response to Plaintiff's HCFA, Defendant allowed payment of $20,019.29.

92. As an out-of-network provider, Plaintiff does not have a network contract that would determine or limit payment for Plaintiff's services to Defendant's members.

93. However, since the services were rendered emergently/inadvertently, Patient K.B.'s out-of-network medical treatment is subject to reimbursement pursuant to the NSA, 42 U.S.C. § 300gg-111 *et seq.*

94.     Pursuant to the NSA, an out-of-network provider reserves the right to dispute a health plan's reimbursement for qualifying out-of-network services and initiate a 30-day negotiation period. 42 U.S.C. § 300gg-111(c)(1)(A).

95.     In this case, Plaintiff disputed Defendant's payment determination and initiated the negotiation period called for by the NSA. In effect, Plaintiff was disputing Defendant's allowed payment of $20,019.29.

96.     Pursuant to the NSA, if the payment dispute between the provider and insurer is not resolved during the negotiation period, the provider has the right to initiate arbitration under which the proper reimbursement amount is determined by a neutral arbitrator. 42 U.S.C. § 300gg-111(c)(1-5).

97.     Plaintiff initiated such arbitration as called for by the NSA.

98.     On January 17, 2025, the arbitrator ruled in Plaintiff's favor under Arbitration Dispute DISP-2271247, awarding Plaintiff a total of $94,995.00 which is $74,975.71 above the allowed payment. *See* **Exhibit F** attached hereto.

99.     Pursuant to the NSA, the determination of the arbitration award under DISP-2271247 is legally "binding upon the parties involved." 42 U.S.C. § 300gg–111(c)(5)(E)(i)(I).

100.    Pursuant to the NSA, if it is determined in arbitration that an additional amount remains due, the insurer has 30 days from the date of the arbitration award to issue the additional payment. 42 U.S.C. § 300gg-111(c)(6).

101.    However, Defendant failed to issue the arbitration payment to Plaintiff even though its deadline to do so was February 16, 2025.

102.    As of the date of this Complaint, more than 227 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

103.    For DISP-2271247, Defendant has failed to pay $74,975.71 which is currently due and owing.

**Patient K.B.: DISP-2287239**

104.    Additionally, on September 17, 2024, Dr. Andreas Lamelas, M.D., an employee of Plaintiff, provided medical treatment for a patient identified as Patient K.B. at Vassar Brothers Medical Center in Poughkeepsie, NY.

105.    At the time of treatment, Patient K.B. was the beneficiary of a health plan issued and/or administrated by Defendant.

106.    After treating Patient K.B., Plaintiff submitted a HCFA medical bill to Defendant seeking payment for the procedure, itemized under CPT code 19371 in the amount of $16,000.00.

107.    In response to Plaintiff's HCFA, Defendant allowed payment of $0.00.

108.    As an out-of-network provider, Plaintiff does not have a network contract that would determine or limit payment for Plaintiff's services to Defendant's members.

109.    However, since the services were rendered emergently/inadvertently, Patient K.B.'s out-of-network medical treatment is subject to reimbursement pursuant to the NSA, 42 U.S.C. § 300gg-111 *et seq*.

110.    Pursuant to the NSA, an out-of-network provider reserves the right to dispute a health plan's reimbursement for qualifying out-of-network services and initiate a 30-day negotiation period. 42 U.S.C. § 300gg-111(c)(1)(A).

111.    In this case, Plaintiff disputed Defendant's payment determination and initiated the negotiation period called for by the NSA. In effect, Plaintiff was disputing Defendant's allowed payment of $0.00.

112.    Pursuant to the NSA, if the payment dispute between the provider and insurer is not resolved during the negotiation period, the provider has the right to initiate arbitration under which the proper reimbursement amount is determined by a neutral arbitrator. 42 U.S.C. § 300gg-111(c)(1-5).

113.    Plaintiff initiated such arbitration as called for by the NSA.

114.    On January 14, 2025, the arbitrator ruled in Plaintiff's favor under Arbitration Dispute DISP-2287239, awarding Plaintiff a total of $16,000.00. *See* **Exhibit G** attached hereto.

115.    Pursuant to the NSA, the determination of the arbitration award under DISP-2287239 is legally "binding upon the parties involved." 42 U.S.C. § 300gg–111(c)(5)(E)(i)(I).

116.    Pursuant to the NSA, if it is determined in arbitration that an additional amount remains due, the insurer has 30 days from the date of the arbitration award to issue the additional payment. 42 U.S.C. § 300gg-111(c)(6).

117.    However, Defendant failed to issue the arbitration payment to Plaintiff even though its deadline to do so was February 13, 2025.

118.    As of the date of this Complaint, more than 230 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

119.    For DISP-2287239, Defendant has failed to pay $16,000.00 which is currently due and owing.

**Patient K.B.: DISP-2245360**

120.    Additionally, on August 16, 2024, Dr. Andreas Lamelas, M.D., an employee of Plaintiff, provided medical treatment for a patient identified as R.G. ("Patient R.G.") at Greenwich Hospital in Greenwich, CT.

121.     At the time of treatment, Patient R.G. was the beneficiary of a health plan issued and/or administrated by Defendant.

122.     After treating Patient R.G., Plaintiff submitted a HCFA medical bill to Defendant seeking payment for the procedure, itemized under CPT codes 69990 and 35246 in the amount of $17,406.00.

123.     In response to Plaintiff's HCFA, Defendant allowed payment of $0.00.

124.     As an out-of-network provider, Plaintiff does not have a network contract that would determine or limit payment for Plaintiff's services to Defendant's members.

125.     However, since the services were rendered emergently/inadvertently, Patient R.G.'s out-of-network medical treatment is subject to reimbursement pursuant to the NSA, 42 U.S.C. § 300gg-111 *et seq*.

126.     Pursuant to the NSA, an out-of-network provider reserves the right to dispute a health plan's reimbursement for qualifying out-of-network services and initiate a 30-day negotiation period. 42 U.S.C. § 300gg-111(c)(1)(A).

127.     In this case, Plaintiff disputed Defendant's payment determination and initiated the negotiation period called for by the NSA. In effect, Plaintiff was disputing Defendant's allowed payment of $0.00.

128.     Pursuant to the NSA, if the payment dispute between the provider and insurer is not resolved during the negotiation period, the provider has the right to initiate arbitration under which the proper reimbursement amount is determined by a neutral arbitrator. 42 U.S.C. § 300gg-111(c)(1-5).

129.     Plaintiff initiated such arbitration as called for by the NSA.

130.    On January 15, 2025, the arbitrator ruled in Plaintiff's favor under Arbitration Dispute DISP-2245360, awarding Plaintiff a total of $13,054.50 (Determination 1 and 2). *See* **Exhibit H** attached hereto.

131.    Pursuant to the NSA, the determination of the arbitration award under DISP-2245360 is legally "binding upon the parties involved." 42 U.S.C. § 300gg–111(c)(5)(E)(i)(I).

132.    Pursuant to the NSA, if it is determined in arbitration that an additional amount remains due, the insurer has 30 days from the date of the arbitration award to issue the additional payment. 42 U.S.C. § 300gg-111(c)(6).

133.    However, Defendant failed to issue the arbitration payment to Plaintiff even though its deadline to do so was February 14, 2025.

134.    As of the date of this Complaint, more than 229 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

135.    For DISP-2245360, Defendant has failed to pay $13,054.50 which is currently due and owing.

**Patient N.P.: DISP-2264703**

136.    Additionally, on June 7, 2024, Dr. David Greenspun, M.D., an owner and principal of Plaintiff, provided medical treatment for a patient identified as N.P. ("Patient N.P.") at Greenwich Hospital in Greenwich, CT.

137.    At the time of treatment, Patient N.P. was the beneficiary of a health plan issued and/or administrated by Defendant.

138.    After treating Patient N.P., Plaintiff submitted a HCFA medical bill to Defendant seeking payment for the procedure, itemized under CPT code 19371 in the amount of $32,000.00.

139.    In response to Plaintiff's HCFA, Defendant allowed payment of $1,204.70.

140.    As an out-of-network provider, Plaintiff does not have a network contract that would determine or limit payment for Plaintiff's services to Defendant's members.

141.    However, since the services were rendered emergently/inadvertently, Patient N.P.'s out-of-network medical treatment is subject to reimbursement pursuant to the NSA, 42 U.S.C. § 300gg-111 *et seq*.

142.    Pursuant to the NSA, an out-of-network provider reserves the right to dispute a health plan's reimbursement for qualifying out-of-network services and initiate a 30-day negotiation period. 42 U.S.C. § 300gg-111(c)(1)(A).

143.    In this case, Plaintiff disputed Defendant's payment determination and initiated the negotiation period called for by the NSA. In effect, Plaintiff was disputing Defendant's allowed payment of $1,204.70.

144.    Pursuant to the NSA, if the payment dispute between the provider and insurer is not resolved during the negotiation period, the provider has the right to initiate arbitration under which the proper reimbursement amount is determined by a neutral arbitrator. 42 U.S.C. § 300gg-111(c)(1-5).

145.    Plaintiff initiated such arbitration as called for by the NSA.

146.    On January 16, 2025, the arbitrator ruled in Plaintiff's favor under Arbitration Dispute DISP-2264703, awarding Plaintiff a total of $32,000.00, which is $30,795.30 above the allowed payment amount. *See* **Exhibit I** attached hereto.

147.    Pursuant to the NSA, the determination of the arbitration award under DISP-2264703 is legally "binding upon the parties involved." 42 U.S.C. § 300gg–111(c)(5)(E)(i)(I).

148.    Pursuant to the NSA, if it is determined in arbitration that an additional amount remains due, the insurer has 30 days from the date of the arbitration award to issue the additional payment. 42 U.S.C. § 300gg-111(c)(6).

149.    However, Defendant failed to issue the arbitration payment to Plaintiff even though its deadline to do so was February 15, 2025.

150.    As of the date of this Complaint, more than 228 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

151.    For DISP-2264703, Defendant has failed to pay $30,795.30 which is currently due and owing.

**Patient M.C.: DISP-1048818**

152.    On August 23, 2022, Dr. Andreas Lamelas, M.D., an employee of Plaintiff, provided medical treatment for a patient identified as M.C. ("Patient M.C.") at Vassar Brothers Medical Center in Poughkeepsie, NY.

153.    At the time of treatment, Patient M.C. was the beneficiary of a health plan issued and/or administrated by Defendant.

154.    After treating Patient M.C., Plaintiff submitted charges to Defendant seeking payment for the procedure, itemized under CPT codes 15771 and 13101 in the amount of $11,312.00.

155.    In response to Plaintiff's HCFA, Defendant allowed payment of $680.26.

156.    As an out-of-network provider, Plaintiff does not have a network contract that would determine or limit payment for Plaintiff's services to Defendant's members.

157.    However, since the services were rendered emergently/inadvertently, Patient M.C.'s out-of-network medical treatment is subject to reimbursement pursuant to the NSA, 42 U.S.C. § 300gg-111 *et seq*.

158.    Pursuant to the NSA, an out-of-network provider reserves the right to dispute a health plan's reimbursement for qualifying out-of-network services and initiate a 30-day negotiation period. 42 U.S.C. § 300gg-111(c)(1)(A).

159.    In this case, Plaintiff disputed Defendant's payment determination and initiated the negotiation period called for by the NSA. In effect, Plaintiff was disputing Defendant's allowed payment of $680.26.

160.    Pursuant to the NSA, if the payment dispute between the provider and insurer is not resolved during the negotiation period, the provider has the right to initiate arbitration under which the proper reimbursement amount is determined by a neutral arbitrator. 42 U.S.C. § 300gg-111(c)(1-5).

161.    Plaintiff initiated such arbitration as called for by the NSA.

162.    On March 15, 2025, the arbitrator ruled in Plaintiff's favor under Arbitration Dispute DISP-1048818, awarding Plaintiff a total of $11,312.00, which is $10,631.74 above the allowed payment amount. *See* **Exhibit J** attached hereto.

163.    Pursuant to the NSA, the determination of the arbitration award under DISP-1048818 is legally "binding upon the parties involved." 42 U.S.C. § 300gg–111(c)(5)(E)(i)(I).

164.    Pursuant to the NSA, if it is determined in arbitration that an additional amount remains due, the insurer has 30 days from the date of the arbitration award to issue the additional payment. 42 U.S.C. § 300gg-111(c)(6).

165.   However, Defendant failed to issue the arbitration payment to Plaintiff even though its deadline to do so was April 14, 2025.

166.   As of the date of this Complaint, more than 170 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

167.   For DISP-1048818, Defendant has failed to pay $10,631.74 which is currently due and owing.

168.   Accordingly, Plaintiff has been damaged in the total amount of $299,645.87 and continues to suffer damages in the operation of its medical practice.

## COUNT ONE

### PLAINTIFF SEEKS RELIEF IN ACCORDANCE WITH 9 U.S. CODE § 9

169.   Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 168 of the Complaint as though fully set forth herein.

170.   The FAA, 9 U.S. CODE § 9, provides that, if the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made, any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order.

171.   In this case, while the parties do not have an agreement that a judgment of the court shall be entered upon the arbitration award at issue, the binding arbitration award was issued pursuant to the Federal No Surprises Act. 42 U.S.C. § 300gg–111(c)(5)(E)(i)(I).

172.   Indeed, Federal courts, including this District, have affirmed their authority to confirm arbitration awards issued pursuant to the NSA under the FAA, 9 U.S.C. § 9. *See, e.g.,* *Guardian Flight LLC v. Aetna Life Ins. Co*, No. 3:24-cv-00680-MPS, 2025 WL 1399145 (D. Conn. May

14, 2025) (holding that "Congress did show, both through the plain language of the NSA and the legislative intent, that the NSA includes a private right of action because the law mandates payment of the arbitration awards."); *GPS of New Jersey M.D., P.C. v. Horizon Blue Cross & Blue Shield*, No. CV226614KMJBC, 2023 WL 5815821 (D.N.J. Sept. 8, 2023) (granting Horizon Blue Cross & Blue Shield's cross-motion to confirm an NSA entity award under 9 U.S.C. § 9 because the language of the NSA indicates the NSA award is "final and binding" and, by invoking Section 10(a) of the Federal Arbitration Act, the NSA "gives the court the authority to confirm the award").

173.    It is against equity and good conscience to deprive Plaintiff of a remedy to enforce a "binding" arbitration award issued in accordance with federal law.

174.    Accordingly, Plaintiff brings this action for an Order confirming the following arbitration awards:

        a.    DISP-948397

        b.    DISP-2314867

        c.    DISP-2094487

        d.    DISP-1940809

        e.    DISP-2245147

        f.    DISP-2271247

        g.    DISP-2287239

        h.    DISP-2245360

        i.    DISP-2264703

        j.    DISP-1736971

        k.    DISP-1048818

## COUNT TWO

**VIOLATION OF THE FEDERAL NO SURPRISES ACT REGARDING THE NON-PAYMENT OF A BINDING AWARD**

175.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 174 of the Complaint as if fully set forth herein.

176.    Under the NSA, a party is permitted to initiate the federal arbitration process called for by the Act if the parties are unable to agree on a payment rate during the NSA's negotiation period. 42 U.S.C. § 300gg-111(c)(1-5).

177.    In the instant case, the parties were unable to agree on the out-of-network rate for the services provided, and the parties therefore proceeded to arbitration as called for the NSA.

178.    ProPeer Resources, LLC, the certified independent dispute resolution ("CIDR") entity assigned to DISP-948397, awarded Plaintiff $12,540.00 (Determination 1) on December 5, 2024.

179.    C2C Innovative Solutions, Inc., the CIDR entity assigned to DISP-2314867 awarded Plaintiff $8,200.00 on March 26, 2025.

180.    ProPeer Resources, LLC, the CIDR entity assigned to DISP-2094487 awarded Plaintiff $75,000.00 on January 2, 2025.

181.    ProPeer Resources, LLC, the CIDR entity assigned to DISP-1940809 awarded Plaintiff $16,400.00 on January 13, 2025.

182.    Federal Hearings and Appeals Services, Inc., the CIDR entity assigned to DISP-2245147 awarded Plaintiff $42,000.00 on January 15, 2025.

183.    MCMC Services, LLC, the CIDR entity assigned to DISP-2271247 awarded Plaintiff $94,995.00 on January 17, 2025.

184. MCMC Services, LLC, the CIDR entity assigned to DISP-2287239 awarded Plaintiff $16,000.00 on January 14, 2025.

185. Federal Hearings and Appeals Services, Inc., the CIDR entity assigned to DISP-2245360 awarded Plaintiff $13,054.50 on January 15, 2025.

186. MCMC Services, LLC, the CIDR entity assigned to DISP-2264703 awarded Plaintiff $32,000.00 on January 16, 2025.

187. C2C Innovative Solutions, Inc., the CIDR entity assigned to DISP-1736971 awarded Plaintiff $32,300.00 on February 21, 2025.

188. C2C Innovative Solutions, Inc., the CIDR entity assigned to DISP-1048818 awarded Plaintiff $11,312.00 on March 15, 2025.

189. According to the NSA, Defendant had thirty (30) days to remit the arbitration payments to Plaintiff. 42 U.S.C. § 300gg-111(c)(6).

190. Defendant failed to make any of the payments within thirty (30) days and, as of the date of the filing of this Complaint, Defendant has failed to remit the arbitration payments to Plaintiff.

191. As such, Defendant has failed to comply with the requirements of the NSA.

192. Accordingly, due to Defendant's failure to comply with the NSA's requirements, Plaintiff has been damaged in the total amount of $287,831.91.

**CLAIM FOR RELIEF**

      **WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a.      For an Order confirming the arbitration award issued under DISP-948397;

b.      For an Order confirming the arbitration award issued under DISP-2314867;

c.      For an Order confirming the arbitration award issued under DISP-2094487;

d.      For an Order confirming the arbitration award issued under DISP-1940809;

e.      For an Order confirming the arbitration award issued under DISP-2245147;

f.      For an Order confirming the arbitration award issued under DISP-2271247;

g.      For an Order confirming the arbitration award issued under DISP-2287239;

h.      For an Order confirming the arbitration award issued under DISP-2245360;

i.      For an Order confirming the arbitration award issued under DISP-2264703;

j.      For an Order confirming the arbitration award issued under DISP-2264703;

k.      For an Order confirming the arbitration award issued under DISP-1736971;

l.      For an Order directing Defendant to pay Plaintiff $287,831.91;

m.      For attorney's fees, interest, and costs of suit; and

n.      For such other and further relief as the Court may deem just and equitable.

Dated:  October 24, 2025
      Madison, Connecticut

                                      **MERIN LAW, LLC**
                                      *Attorneys for Plaintiff*

             By:     /s/ Clifford A. Merin, Esq., 29863
                     Clifford A. Merin
                     **Merin Law, LLC**
                     51 Elm Street, Suite 409
                     New Haven, CT 06510
                     475.321.4101
                     clifford@merinlaw.com